## Hart v. Thayer.*

### (Circuit Court, S. D. New York. February 13, 1882.)

1. LETTERS PATENT—IMPROVEMENT IN NECK-TIES—REISSUE—NEW MATTER.

The specification of reissue No. 7,909, granted October 9, 1877, for an "improvement in neck-ties," is an effort to enlarge the scope of the patent beyond what is warranted by the original; and the second claim thereof, if construed to mean anything more than the original, covers new matter.

2. SAME—SAME—SAME—CONSTRUCTION OF.

Such reissue must be limited to but two ways of fastening the pin to the shield of neck-ties,—(1) by rivets passing through the body of the pin and headed, and (2) by rivets punched out of the body of the pin and bent over or clinched on the shield,—and is not infringed by the invention described in letters patent No. 206,673, in which the pin itself is bent and then passed through the shield, part of it being on one side of the shield and part on the other.

In Equity.

*F. H. Betts* and *J. Van Santvoord,* for plaintiff.

*J. P. Fitch,* for defendant.

BLATCHFORD, C. J.    This suit is brought on reissued¹ letters patent No. 7,909, granted to the plaintiff, October 9, 1877, for an "improvement in neck-ties;" the original patent, No. 159,921, having been granted to him February 16, 1875.    The specification of the reissue is as follows, reading what is outside of brackets and what is inside of brackets, omitting what is in italics:

"Figure 1 is a face view of the device embodying my invention.    Figure 2 is a side view thereof, partly in section.    Figure 3 is a side view, enlarged, of a detached part.    Similar letters of reference indicate corresponding parts in the several figures.    In the class of neck-ties wherein the front bow, which is made long and lies on the chest, is held in position by a band which passes around the neck, it is necessary to secure said band in some manner to prevent displacement of the tie.    For this purpose pins have been sewed to the shields or supporting plates of the ties and the neck-bands engaged therewith; but this is objectionable, since the pin soon loosens and is lost.    Again, the cost of thus attaching the pins is a matter of considerable moment.    My invention is designed to remedy these defects, and consists in securing the pins to the shields by metallic fastenings, whereby the pins are firmly retained in place, longer service is rendered thereby, and there is a cheapness in the product.    Referring to the drawings, A represents a shield or supporting plate for a neck-tie, which consists of a long bow or knot, *a,* constituting the front portion, and a band, *b,* which passes around the neck, the two parts being shown in dotted lines.    To the bottom portion of the shield or plate I secure a pin, B, which projects downwardly so that the band, *b,* may be attached thereto, in order that the band will not disengage from the neck and release

*Reported by S. Nelson White, Esq., of the New York bar.

the tie. I secure the pin to the shield by metallic rivets [or projections,] C, which readily clinch on the shield and firmly connect the two parts. These rivets [or projections are attached to the pin in any suitable manner, and they may be parts of the pin itself, or they may be separate pieces of metal fastened to it. Thus they] may be passed through the flattened body of the pin *and the shield* and headed, or ['they may be] punched out of the said [body,] *body.* [The metallic rivet or projection is passed through the shield] and ['is] bent over [and] or clinched [upon the opposite side,] *on the shield.* It will be seen that the connection of the pin and shield is firm and [durable] *durable.* [Whereas] *I overcome loosening of the pin due to cutting of* the threads [formerly] *which heretofore* in use [passing] *have been passed* through openings in the pin, [were cut by their edges, or rotted away from corrosion of the pin through] *or rotting of said thread consequent to* perspiration, [and the pin was soon lost or loosened] *corroding the pin.* Again, as the work can be performed by machinery, instead of stitching or sewing by hand, labor is materially reduced, whereby there is [a] great saving in the [cost of production] *product.* [I do not claim any particular method of attaching the metal fastenings to the pin, since any of the well-known methods of attaching metals together may be employed,—either cohesion by welding or soldering, or forming both pin and fastenings out of one piece of metal or adhesion and pressure by making one metal enclose the other."]

Reading in the foregoing what is outside of brackets, including what is in italics, and omitting what is inside of brackets, gives the text of the original specifications. The claims of the reissue are as follows:

" (1) The pin, B, and neck-tie shield, A, in combination with the metallic fastening, C, substantially as and for the purpose set forth. (2) The pin, B, formed with the fastening, C, in combination with the neck-tie shield, A, substantially as and for the purpose set forth. (3) A metallic fastening, or metallic fastenings, C, attached to and projecting from the pin, B, substantially as and for the purpose set forth."

The original patent had only two claims. The first was the same as claim 1 of the reissue; the second was the same as claim 2 of the reissue, with the words "punched out" inserted between "the" and "fastening."

It is claimed that the defendant has infringed claim 2 of the reissue by making and selling neck-tie shields with pins, such as are described in letters patent No. 206,673, granted to Albert M. Smith and Hiram H. Thayer, April 23, 1878. The pin is of metal, pointed at one end. In its length are two bends, which are nearly at right angles to the length of the body. One bend is further from the point than the other bend is from the opposite end. Each bend is made by two right-angled deflections of the body of the pin. From the bend near the end furthest from the point, the body of the pin

proceeds on in a line, not continuous with the line of the pin the other side of said bend, but parallell therewith. The other bend is so made as to bring back the line of the pin between said bend and the point to the line of the pin the other side of the first-named bend. The shape of the pin, with the two bends, is this:  The pin is attached to the shield by passing it through two holes in the shield, one hole at each end, so that the two ends of the pin are on one side of the shield, and the middle part or body is on the other side of it. The bends are abrupt or short, and form shoulders which bear in the holes, and keep the pin from moving or slipping back and forth. The pin, after it is in the shield, is flattened, especially at the unpointed end, so that it will lie more closely and firmly to the shield and not project from its surface. The pin is put into the shield and fastened by springing its ends together sufficiently to put them through the holes made for them in the shield. The claim of the patent is to the combination of the shield with the pin, constructed and arranged to operate substantially as and for the purpose thus set forth.

The original patent, No. 159,921, speaks of only two ways of forming the fastenings of the pin. One is to have metallic rivets passing through the body of the pin, and headed. The other is to have the rivets punched out of the body of the pin and bent over or clinched on the shield. The first claim of that patent is for a combination of three things—the shield, the pin, and the separate rivet-fastening. The second claim is for a combination of the shield and the pin, having rivets punched out of its body. But, with either form of fastening, the entire pin, when in place, is on one side of the shield, and the bent-over or clinched or headed ends of the fastenings are on the other side of the shield. The body of the pin is straight and continuous, aside from the supplementary fastenings. In the defendant's pin the body is not straight, and there are no supplementary fastenings. The body of the pin, by being bent, fastens itself. Manifestly the effort in the specification of the reissue is to enlarge the scope of the patent beyond what is warranted by the original. The reissue says that the projections may be "parts of the pin itself."

No way is shown in the original of making the projections parts of the pin itself, except by punching them out of its body. That means partly detaching part of the body, and letting it form a fin or projection, to be bent down and clinched on the other side of the shield. The defendant's bends are parts of the pin itself, but they are not projections *from* the body, as in the plaintiff's pin, but are projections

*of* the whole body in its devious path. The second claim of the reissue, if construed to mean anything more than the second claim of the original, so as to cover the defendant's pin, covers new matter not found in the original, and is for an invention not shown in the original. That defence is set up in the answer. The only pin with a fastening forming part of its body, described or shown in the original, is a pin with a fastening punched out of its body. A pin formed with a fastening, which is part of the pin itself, is a form of description ingeniously devised to cover a punched-out fastening, and also such bent fastenings as those in the defendant's pin. But the claim cannot be construed to cover any fastening but a punched-out fastening, or one that is its equivalent.

The defendant's bent fastenings are not equivalents. They are an invention in a new direction, not based on the plaintiff's idea. As against the plaintiff's pin, the defendant's is patentable, and not an infringement of claim 2 of the plaintiff's reissue. The radical difference between the two pins is that the principle of fastening is different in the two, the defendant's pin dispensing with all fastenings that are separate from the pin itself, or that are partly detached parts of the body as fastening devices separate from the whole body. As an incident of the difference in structure, and illustrating it, no two portions of the defendant's pin on opposite sides of the shield are directly opposite to each other. The parts do not form the jaws of a clamp, as in the plaintiff's. The shield is held by virtue of the strength of the cross section of the pin, and not by the clamping action of two directly opposite parts.

The bill is dismissed, with costs.